# Sacks and Sacks LLP    150 Broadway, New York, N.Y. 10038

COUNSELORS AT LAW

(212) 964-5570

FAX (212) 349-2141

MELVIN SACKS (1914-1990)
IRA SACKS (1922-2001)
STANLEY SACKS (1917-2010)
KENNETH SACKS (1963-2022)

EVAN SACKS*
S. WADE TURNBULL

ANDREW R. DIAMOND*
(MANAGING ATTORNEY)

SCOTT N. SINGER
DANIEL M. WEIR
DAVID H. MAYER*
MONTY DOMAN
ADAM S. LEVIEN
LYAMAN F. KHASHMATI
DANIELLE M. OTTINO
RICHARD B. ROBERTS
BRETT Z. MITTLER

*ALSO ADMITTED IN NJ

January 12, 2024

**Via ECF**

**Honorable Ronnie Abrams**
United States District Judge
United States District Court, Southern District of New York
40 Foley Square
New York, New York 10007

Re:    **Austin v. Home Depot U.S.A., Inc., et al.**
       **Docket No.: 22-cv-09885 (Abrams, J.)**

Dear Honorable Judge Abrams:

This letter is respectfully submitted by the undersigned counsel for the plaintiffs, Ronald Austin and Lori Austin, in accordance with Your Honor's Individual Rules and Practices and Local Civil Rule 37.2.  Plaintiffs, through their counsel, have made good faith efforts at resolving discovery issues, but to no avail.

By way of background, this is a case for personal injuries sustained by the plaintiff, Ronald Austin, on May 27, 2022, at the Home Depot in Port Chester, New York, when he was caused to trip and fall on lumbar bandings that were sticking out in the aisles.  He sustained serious injuries to his right shoulder, requiring replacement surgery.  His wife filed a derivative claim.  Plaintiffs commenced this lawsuit in the Supreme Court of New York, New York County on October 25, 2022.  The defendant, Home Depot U.S.A., Inc. removed this case on November 21, 2022.  [*See* Docket No. 1].

On January 6, 2023, Your Honor entered a case management plan and scheduling order, Ordering Rule 26(a)(1) disclosures to be completed no later than January 16, 2023. [*See* Docket No. 10]. Additionally, fact discovery was to be completed by September 15, 2023; depositions were to be completed by June 29, 2023; and expert discovery was to be completed by November 21, 2023. Id.

On February 1, 2023, I e-mailed Defendant's counsel for copies of the Rule 26(a)(1) disclosures, as the same had not yet been received in accordance with the Order.  On or about February 2, 2023, the disclosure was served by Defendant.  At that time, Defendant provided the incident detail report and one photograph. [*See* **Exhibit 1**].  Additionally, Plaintiffs served their First

Set of Interrogatories and Document Requests on January 25, 2023. [*See* **Exhibit 2**]. After a good faith email was sent to Defendant regarding outstanding responses, Defendant served grossly deficient responses on June 7, 2023. [*See* **Exhibit 3**].

On June 21, 2023, Defendant filed a letter motion, on consent of Plaintiffs, for an extension of time. [*See* Docket No. 11]. On June 23, 2023, that motion was granted. [*See* Docket No. 12]. The discovery schedule was set as follows: all depositions to be completed by October 27, 2023; fact discovery to be completed by January 24, 2023; expert discovery to be completed by March 20, 2024; all discovery to be completed by April 13, 2024. Id. A discovery conference is presently scheduled for January 19, 2024, at 2:00 p.m. Id.

On July 19, 2023, a good faith email was sent to defendants requesting an update on discovery requests and to set up depositions. No additional discovery has been received. Plaintiff, Ronald Austin's, deposition has been completed.

On November 17, 2023, in accordance with Local and Part rules, Plaintiffs' counsel spoke with Defendant's counsel regarding the deficient discovery and the scheduling of Defendant's deposition. Feigned promises were made that paper discovery would be received and the deposition would be scheduled. To date, no additional discovery has been exchanged by Defendant, nor has the Defendant's deposition been scheduled.

Defendant has failed to provide all relevant discovery pursuant to FRCP 34. Defendant Home Depot U.S.A., Inc. has further failed to properly respond to interrogatories, setting forth seemingly general objections. Upon their response, Defendant makes claims that interrogatories are "premature in that Defendant has not completed investigation of the facts relating to this action…" [*See* **Exhibit 3**]. Moreover, Defendant refuses to provide proper responses to interrogatories involving: their fact witnesses and/or individuals with information regarding the accident (i.e.: the manager or employees on duty); facts supporting their Affirmative Defenses; statements related to the accident; investigations/reports; the procedure for aisle/store inspections; identity of employees working in the aisle where Plaintiff's incident occurred on the date of the accident. Id.

Additionally, Defendant has failed to properly respond to Plaintiffs' document demands, again setting forth seemingly general objections. Upon their responses, Defendants blatantly refuse to respond to requests, claiming: "Defendant will not respond to this Request at this time on the grounds that it is premature in that Defendant has not completed investigation of the facts relating to this action…" Id. Specifically, Defendants have refused to provide the following, relevant, items of discovery: writings/communication pertaining to the accident; all documents pertaining to the accident (i.e.: reports, statements, e-mails, etc.); photos/videos of the scene or of the actual incident and injuries; plaintiffs' statements; documents relied upon in responding to interrogatories; maintenance, repair, inspection and modification records regarding the aisle of plaintiff's accident for thirty days up to and including the accident date; complaints regarding aisles/floors at the accident location for thirty days up to and including the accident date; non-party statements; store readiness checklists for ninety days up to and including the date of the accident; "my walks", and/or store walks for the accident location for ninety days up to and including the date of the accident; the Home Deport Port Chester manual governing accident reports and investigation as well as housekeeping, maintenance and repairs; documents relating to complaints of dangerous, hazardous and unsafe conditions at the accident location for thirty days up to and including the accident date; the general liability file pertaining to Plaintiff's accident; store claim activity sheet pertaining to Plaintiff's accident;

safety and awareness training documents; and "weekly play book" records for ninety days up to and including the date of the accident.

The fact that this accident occurred on May 27, 2022 (almost twenty months ago), and by June 7, 2023 (the date of Defendant's responses), or even to the current date, Defendant claims they have not "completed an investigation of facts" and therefore cannot provide discovery is preposterous. Certainly, Defendant knows which documents exist, as the documents requested are (or would be) solely in their possession. Without the outstanding discovery, plaintiff will be severely prejudiced as the discovery and interrogatories sought are necessary to plaintiffs' case in that it all directly relates to the aisle/area in question and the condition which caused plaintiff's accident and subsequent injuries.

Accordingly, Plaintiffs now respectfully request an informal pre-motion discovery conference with the court, in accordance with Local Rule 37.2 and the individual part rules. It is clear, the meet and confer, which occurred on November 17, 2023, has proven to be unsuccessful.

Thank you for Your Honor's consideration of this request.

Respectfully submitted,

**SACKS & SACKS, LLP**

BY: *Danielle M. Ottino*
**DANIELLE M. OTTINO, ESQ.**
Attorneys for Plaintiffs
150 Broadway
New York, New York 10038
(212) 964-5570
danielle@sacks-sacks.com

VIA ECF and E-Mail

**AARONSON RAPPAPORT**
Counsel for Defendant
**HOME DEPOT, U.S.A., INC.**
600 Third Avenue
New York, New York 10016
**Attn: Peter J. Fazio, Esq.**
(212) 593-6700
pjfazio@arfdlaw.com
**Attn: Rebecca L. Martin**
rlmartin@arfdlaw.com

This matter will be referred to Magistrate Judge Wang by separate order. The post-fact discovery conference scheduled for Friday, January 19, 2024 is hereby adjourned to February 23, 2024, at 3:00 p.m. The parties shall use the following dial-in information to call in to the conference: Call-in Number: (888) 363-4749; Access Code: 1015508. No later than one week in advance of the conference, the parties shall jointly file a letter updating the Court on the status of discovery.

SO ORDERED.

_____
Hon. Ronnie Abrams
January 17, 2024

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONALD AUSTIN and LORI AUSTIN,<br><br>                              Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC. and THE HOME DEPOT, INC.,<br><br>                              Defendants. | Civ. No. 22-cv-9885<br><br>HOME DEPOT U.S.A., INC.'S COMPANY'S RULE 26(a)(1) INITIAL DISCLOSURES |

## **PRELIMINARY STATEMENT**

HOME DEPOT U.S.A., INC. (hereinafter "Home Depot") sued herein as, HOME DEPOT U.S.A., INC., d/b/a Home Depot makes this Initial Disclosure pursuant to Federal Rule of Civil Procedure 26(a)(1). In the spirit of cooperation and in an attempt to advance the goal of Rule 26(a)(1) to reduce expense and delay, Home Depot provides the following disclosure at this time, which is based upon Home Depot's investigation to date. Home Depot anticipates that it may be able to identify additional witnesses or documents after Plaintiff has refined his allegations through any additional pleadings, any disclosure the parties make under Rule 26(a)(1), and through discovery in accordance with the Federal Rules of Civil Procedure.

Home Depot makes this disclosure without waiving any right or opportunity to assert a defense, at any time in this lawsuit, including information contained in any and all documents addressing facts and issues other than those identified herein. In addition, because Plaintiff may assert, clarify, modify, or otherwise develop theories in this lawsuit, Home Depot reserves the right

at any time in this litigation to identify additional witnesses or documents, if any, that pertain to any such theories.

The following disclosures are made based on the information reasonably available to Home Depot as of the date of this disclosure, and represent Home Depot's good faith effort to identify information, pertaining to the allegations of Plaintiff's complaint, as required under Rule 26(a)(1).

Home Depot further states that it has not yet completed its investigation of the facts related to this litigation. Consequently, this disclosure is based only on such information and documentation of which Home Depot is presently aware. It is anticipated that further investigation, research and analysis will supply additional facts and documents, add meaning to known facts, all of which may in turn lead to substantial additions or changes to this disclosure.

Home Depot reserves the right to supplement this disclosure upon the discovery of additional information or, to the extent Plaintiff asserts, clarifies, modifies or otherwise develops additional theories in this lawsuit.

*(A)* ***The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:***

Home Depot's investigation of Plaintiff's claims is ongoing. Based on the information known at this time regarding Plaintiff's claims and allegations and without waiving any objection it may have, Home Depot identifies the following individuals:

1. Plaintiffs, Ronald Austin and Lori Austin, is likely to have discoverable information about the allegations asserted in the Verified Complaint. Plaintiffs' contact information is or should be in the possession of their counsel.

2. All treating and attending physicians and healthcare professionals of the Plaintiff Ronald Austin including, but not limited to, those individuals who may be identified by the Plaintiffs (information including, but not limited to, any alleged injuries, treatment, and damages). Said contact information is or should be in the possession of Plaintiffs and their counsel.

3. All employees, agents, servants or independent contractors of all hospitals, healthcare centers, pharmacies, laboratories, visiting nurse associations, home health care services, ambulance services, and any other entity from which the Plaintiff received care or treatment, including, but not limited to, those which may be identified by the Plaintiff (information including, but not limited to, any alleged injuries, treatment and damages). Said contact information is or should be in the possession of Plaintiff.

4. Family members, friends, former friends, and/or acquaintances of the Plaintiffs that may have knowledge of the factual basis for claims and defenses. The contact information for these witnesses is not known at this time.

5. Home Depot refers Plaintiff to the documents and materials which identify the names of individuals who may have discoverable information. Specifically, Home Depot identifies Home Depot store #1212 employee, at the time of the alleged incident, Christopher Roberts. Specifically, Christopher Roberts may have discoverable information related to the alleged incident. If still employed by Home Depot, Christopher Roberts may be contacted through the below counsel for Home Depot.

6. Any witnesses identified in Plaintiffs' Initial Disclosures and all supplements thereto or in any of Plaintiff's discovery responses. The contact information for these witnesses is not known at this time but may be available in said responses.

7. Plaintiffs' expert (not yet designated) as well as all other expert witnesses named by the parties. Information which these individuals are likely to have cannot be determined at this time). The contact information for these witnesses is not known at this time.

Home Depot reserves the right to supplement this response. Home Depot also reserves the right to identify as a witness anyone identified by Plaintiffs, as well as any other witnesses identified during the discovery process.

**(B)**   ***A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:***

Home Depot's investigation of Plaintiff's allegations within this lawsuit are ongoing.  Home Depot's defenses in this matter depend on the specific legal theories and claims and the factual bases for such theories and claims advanced by the Plaintiffs.  Home Depot may support its claims and defenses using hard copy documents.

Home Depot may use the following documents to support its claims or defenses:

1)   Home Depot is in possession of the Home Depot Incident detail report. This is provided with this disclosure (Austin_HD_Bates_000001-000002).

2)   Home Depot is in possession of one photograph. This is provided with this disclosure (Austin_HD_Bates_000003).

3)   Home Depot is not currently aware of any other documents or things which may be in its possession which may be relevant to the disputed issues in this action other than what has already been provided by Plaintiffs' counsel.  Home Depot will supplement this response in accordance with the Federal Rules of Civil Procedure and Local Civil Rules throughout the course of discovery.

**(C)**   ***A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:***

Home Depot is not currently seeking any damages in this matter. Home Depot will supplement this response in accordance with the Federal Rules of Civil Procedure and Local Civil Rules throughout the course of discovery.

(D) *For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.*

Home Depot currently maintains a retained risk for losses related to general liability, up to $1,000,000.00. Home Depot maintains additional excess coverage with third party insurers.

Respectfully submitted,

DATED: February 2, 2023

AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP

*Peter J. Fazio*

PETER J. FAZIO
600 Third Avenue, 5th Floor
New York, New York 10016
Phone: (212) 593-5458
Fax: (212) 59306970
pjfazio@arfdlaw.com

*Attorney for Home Depot U.S.A., Inc.*

**<u>CERTIFICATE OF</u>**
**<u>SERVICE</u>**

The undersigned hereby certifies that a copy of the foregoing Initial Rule 26 Disclosure Statement has been served on the following parties via email on the **2nd day of February, 2023**.

| | |
|---|---|
| Sacks & Sacks, LLP<br>150 Broadway, 4th Floor<br>New York, New York, 10038<br>Attention: Daniel Weir, Esq.<br>dan@sacks-sacks.com<br>danielle@sacks-sacks.com | |
| | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **2nd day of February, 2023**, properly addressed as follows:

| | |
|---|---|
| None | |

*Peter J. Fazio*

Peter J. Fazio, Esq.
Aaronson Rappaport Feinstein &
Deutsch, LLP
600 Third Avenue
New York, New York 10016
Telephone:  (212) 593-5458
Fax:  (212) 593-6970
E-Mail: pjfazio@arfdlaw.com
*Counsel for Home Depot U.S.A., Inc.*

# The Home Depot

**General Liability :** 20220556870
**Claimant :** RONALD AUSTIN
**Location :** 1212 Port Chester
**Reported by :** CHRISTOPHER ROBERTS
**Reported by Contact Phone # :** (914) 690-9745

**Privacy Alert!** You may be handling Sensitive Personal Information. "Sensitive Personal Information" includes a person's name in combination with a social security number, driver's license number, or financial account number/credit card number. Remember: All associates are responsible for maintaining the confidentiality and security of Sensitive Personal Information. Refer to The Home Depot Privacy and Information Protection Policy and Administrative SOP ADM 08-05, Records Management for Stores, to review how Sensitive Personal Information should be handled, retained, or securely destroyed.

## Incident Details

| Questions | Answers |
|---|---|
| Number of Injured Non-Associate(s) | 1, RONALD AUSTIN |
| Number of Injured Associate(s) | 0 |
| What item(s) were DAMAGED in this incident? | No items were damaged |
| Reporter location number | 1212 |
| Was a Home Depot vehicle INVOLVED in this incident? | No |
| Store Number | 1212 |
| Street Address | 150 Midland Ave |
| City | Port Chester |
| State | NY |
| ZIP | 10573 |
| When did the incident occur? | 5/27/2022 10:17 AM |
| What date was the incident reported to supervisor/store manager? | 5/27/2022 |
| Incident department location | 21 Lumber |
| Where did the incident occur? Please give the EXACT location. | 16-002 |
| Who is the DEPARTMENT SUPERVISOR? | Ron |
| Brief description of the incident | Customer states he was walking and tripped on green banding stocking out from under bunk of 2x4s. |

## Injured Individual

| Questions | Answers |
|---|---|
| First name | RONALD |
| Last name | AUSTIN |
| Do you have contact information for the injured individual? | Yes |
| Injured individual mobile phone number | (845) 901-2669 |
| Injured individual email | homeredecby@gmail.com |

**Austin_HD_Bates_000001**

| Questions | Answers |
| --- | --- |
| Address of the injured person | 516 ROUTE 303 STE 6B |
| City of the injured person | ORANGEBURG |
| State of the injured person | NY |
| Zip code of the injured person | 10962 |
| Country | United States |
| Did the injured individual experience any of the following? (Amputation, Fatality, First Aid Given in Store, Loss of Consciousness) | First Aid Given in Store |
| Was the injured individual transported to a Hospital Emergency Room in any way? | No |

**Store Equipment**

| Questions | Answers |
| --- | --- |
| Were any of the following items involved? (Lift Equipment, Merchandise, Orange or Yellow Ladders, Other Equipment (Non-Lift), None of These) | None |

**Additional Details**

| Questions | Answers |
| --- | --- |
| Was a VENDOR/SUPPLIER involved? | No |
| Was the incident captured on CCTV? | Unknown |
| Were pictures taken? | No |
| Which ASSOCIATE investigated this incident? | CHRISTOPHER ROBERTS |
| Were there any witnesses? | No |
| Store contact first name | CHRISTOPHER |
| Store contact last name | ROBERTS |
| Store contact phone number | (914) 690-9745 |
| Store/location Contact Email Address | CAR2119@homedepot.com |

Austin_HD_Bates_000002



**Austin_HD_Bates_000003**

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RONALD AUSTIN and LORI AUSTIN,

                    **Plaintiff,**

          **-against-**

HOME DEPOT U.S.A., INC. and THE HOME DEPOT, INC.,

                  **Defendants.**

**FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS**

**Civ. No.: 22-cv-9885**

**(Abrams, U.S.D.J.)**

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS TO DEFENDANT HOME DEPOT U.S.A., INC.

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, and all applicable Local Civil Rules for the Southern District of New York, Plaintiff, by their attorney, SACKS AND SACKS, LLP, propounds the following First Set of Interrogatories and Document Requests on defendant Home Depot U.S.A., Inc. in the above-captioned civil action. Defendant's responses to these discovery requests are due within thirty (30) days of service hereof.

### INSTRUCTIONS

1.     These Interrogatories and document requests are to be read and interpreted in accordance with the Instructions and Definitions set forth herein.

2.     These Interrogatories and document requests are deemed to be continuing so as to require the filing of supplemental responses promptly in accordance with FRCP 26.

3.     The plaintiff incorporates by reference the Uniform Definitions in Discovery Requests set forth in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

4.     You have a continuing obligation to amend your responses and to supplement your production in response to these Requests.

5.      If defendant cannot answer any interrogatory in full after exercising due diligence to secure the information to do so, answer the interrogatory to the extent possible, explain any inability to answer, and state the information or knowledge presently available to you concerning the unanswered portion.

6.      The full text of the interrogatory or demand to which any answer is intended to respond is to be restated immediately preceding such answer.

7.      If any Interrogatory or document request is not responded to on grounds that responsive information is privileged, provide the following information with respect to any such information:

   a.   The nature of the privilege claimed;

   b.   The facts that give rise to the privileged claimed; and

   c.   A description of any document or thing containing the privileged information, including (i) the person who created the document or thing, (ii) the title or name of the document or thing, (iii) the date of the document or thing, (iv) the addressee or recipient of the document or thing and (v) the subject matter of the document or thing.

## **DEFINITIONS**

1.      When used with reference to persons, IDENTFY shall mean state the full name, last known address and telephone number of the person.

2.      When used with reference to documents or tangible items, IDENTIFY shall mean (i) state the name or title of the document, (ii) identify the person who created the document or thing, (iii) identify the recipients of the document or thing and (iv) state the location of the document or thing.

3.      The term "plaintiff" shall refer to plaintiff Ronald Austin.

4.      Words in the masculine, feminine or neuter shall include each of the other genders as necessary to make the Interrogatories inclusive rather than exclusive.

5.      The word "or" is used herein in its inclusive sense and shall be read "and/or." The word "including" should be read as "including but not limited to."

6.      The singular shall include the plural and plural shall include the singular as necessary to make the Interrogatory or document request inclusive rather than exclusive.

7.      The term "accident" shall mean the occurrence on May 27, 2022 that is the subject matter of this suit and from which Plaintiff claims to have sustained injuries.

8.      The terms "accident site" or "accident situs" shall refer to the place where the accident occurred, The Home Depot, located at 150 Midland Avenue, Port Chester, New York 10573.

9.      The terms "you," "your," and "defendant" shall mean Home Depot U.S.A., Inc., its employees, agents, directors, officers, representatives, consultants, partners, parent companies, affiliates, subsidiaries, attorneys, accounts, predecessors, successors and all other persons or entities acting on its behalf or under its control.

10.     The term "Home Depot" shall mean Home Depot U.S.A., Inc. its employees, agents, directors, officers, representatives, consultants, partners, parent companies, affiliates, subsidiaries, attorneys, accounts, predecessors, successors and all other persons or entities acting on its behalf or under its control.

11.     The term "Home Depot Port Chester" shall mean The Home Depot, located at 150 Midland Avenue, Port Chester, New York, County of Westchester, State of New York, which is the subject of this accident.

12.     The term "communication" means any conversation, discussion, meeting, negotiation, letter, memorandum, correspondence, note, e-mail, telephone call, fax or other transfer

of information, whether written, oral, or by any other means, and includes any writing that abstracts, digests, transcribes, memorializes, constitutes or records such communication.

13.    The term "relating to" means evidencing, constituting, containing, concerning, embodying, referencing, describing, memorializing, identifying, stating or mentioning the topic.

14.    The term "writing" means "writings and recordings" pursuant to FRCP 1001.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each witness to the accident and for each such witness state (i) the location of the witness at the time of the accident in relation to the site of the accident; (ii) if the witness was at the site of the accident, his or her purpose for being at the site; and (iii) what the witness heard, saw or perceived with respect to the accident and/or what information the witness has with respect to the accident.

### INTERROGATORY NO. 2:

State all facts that support your First Affirmative Defense that plaintiff's injuries were caused in whole or in part by the contributory or comparative negligence and/or culpable conduct of said plaintiff and not as a result of any negligence and/or culpable conduct on the part of the defendant.

### INTERROGATORY NO. 3:

State all facts that support your Third and Eighth Affirmative Defenses that plaintiff that plaintiff's accident occurred to due to the negligence of a third party.

### INTERROGATORY NO. 4:

State all facts that support your Sixth Affirmative Defenses that plaintiff's injuries were not proximately caused by the Home Depot USA, Inc.

INTERROGATORY NO. 5:

State all facts that support your Seventh Affirmative Defenses that plaintiff failed to join a necessary party and state whom the alleged necessary party is and how/why they are a necessary party to the action.

INTERROGATORY NO. 6:

State all facts that support your Eighth Affirmative Defenses that plaintiff failed to join a necessary party and state whom the alleged necessary party is and how/why they are a necessary party to the action.

INTERROGATORY NO. 7:

If you claim any negligent or wrongful act or omission by third persons not under defendant's direction or control caused or contributed to the accident, state (i) the name and last known address of each such third person, (ii) the time and location of each such person's acts and/or omissions, (ii) a detailed description of each such person's acts and/or omissions and (iii) the degree, extent and/or proportion to which it claims each such person's alleged negligence contributed to the accident.

INTERROGATORY NO. 8:

Identify any statements, however recorded, or memorialized, by any person who purports to have any knowledge or information related to the accident.

INTERROGATORY NO. 9:

Identify any maps, photographs, schematics, diagrams, reports, statements videotape or graphic depiction that purport to represent the site of the accident, of any equipment, tools, or devices you claim were involved in the accident, or of the plaintiff after the accident.

INTERROGATORY NO. 10:

Identify any investigations, reports or tests related to the facts or causes of the accident.

INTERROGATORY NO. 11:

Identify all persons who have knowledge or information concerning the accident, whether defendant intends to call them as a witness at trial, to include all persons who saw or may have seen plaintiff's accident; was or may have been within hearing range of plaintiff's accident; who aided or assisted Plaintiff after the accident; who inspected the subject accident location; who took a statement from the Plaintiff and any other witness or person regarding Plaintiff's accident. For each person, provide (i) the person's full name and title, (ii) his or her present or last known address and telephone number, (iii) his or her present or last known place of employment (including business, name, address, and telephone number), and (iv) a description of the knowledge or information.

INTERROGATORY NO. 12:

Identify all employees working on the day of the accident, to include all managers, assistant managers, supervisors and associates. For each person, provide (i) the person's full name and title, (ii) his or her present or last known address and telephone number, (iii) his or her present or last known place of employment (including business, name, address, and telephone number), and (iv) the department and/or location they were working or scheduled to work at the time of the accident in question.

INTERROGATORY NO. 13:

Identify all persons defendant expects to call to give expert testimony at the trial of this action. For each person, state the qualifications, including educational background and degrees, publications, membership in professional organizations and societies, certifications and licenses, and employment history. For each person that defendants expects to call to give expert testimony at this trial, state the subject matter "in reasonable detail" of the testimony, the opinions and conclusions to which the expert is expected to testify, a summary of the facts upon which the expert will rely in formulating his opinions and conclusions, and the source or sources of the expert's knowledge

concerning such facts, including, where applicable, the date statistics, studies, surveys, reports, test results, analyses, and all other source material relied upon by the expert.

INTERROGATORY NO. 14:

Identify all persons that you intend to call to testify at the trial of this matter; or intend to provide an affidavit from in support of or in opposition to any motion for summary judgment. For each person identified, set forth in detail the sum and substance of that person's knowledge and produce all documents that refer or relate to the foregoing.

INTERROGATORY NO. 15:

Describe all the training Defendant provided to all employees, including maintenance and cleanliness of Home Depot Port Chester and accident/incident reporting.

INTERROGATORY NO. 16:

Identify and describe in detail any material you possess or are aware of which you will use to support your defenses in this action.

INTERROGATORY NO. 17:

Identify all persons who were aware of the condition in question. For each person, provide (i) the person's full name and title, (ii) his or her present or last known address and telephone number, (iii) his or her present or last known place of employment (including business, name, address, and telephone number), and (iv) when they first became aware of the condition in question.

INTERROGATORY NO. 18:

Describe Home Depot Port Chester's procedure for aisle inspection and maintenance pertaining to the safety of customers, and the last time the aisle where the accident occurred at Home Depot Port Chester had been inspected and/or maintained prior to the accident date of May 27, 2022.

INTERROGATORY NO. 19:

Identify the aisle number where the accident in question occurred.

INTERROGATORY NO. 20:

Identify all of the associates who were working in the lumbar department and building materials department on May 27, 2022, prior to plaintiff's accident occurring. To the extent any of these individuals are no longer employed by Home Depot, provide their last known address.

## DOCUMENT REQUESTS

REQUEST NO. 1:

Produce any writings or communications relating to the accident which is the subject of this action in the possession of defendant.

REQUEST NO. 2:

Produce all documents concerning the accident that is the subject of this civil action, including, but not limited to, accident reports, customer incident statements, witness statements, photographs, e-mails, and investigation reports.

REQUEST NO. 3:

Produce any surveillance recordings, including but not limited to films, tapes, videos, recordings, motion pictures, photographs, recorded statements, videotaped statements taken of the plaintiff by or on behalf of your or your employees, servants, investigators, agents and/or any other representative of said parties.

REQUEST NO. 4:

Produce any color photographs and videos taken of the scene of the accident situs and/or of plaintiff's accident, including but not limited to plaintiff's injuries.

REQUEST NO. 5:

Produce any writing relating to all statements, whether written, oral or otherwise, taken of the plaintiff by defendant or taken of the plaintiff on defendant's behalf with reference to the accident of May 27, 2022.

REQUEST NO. 6:

Produce any videotape or other visual or audio recording in any medium of plaintiff since the date of the accident.

REQUEST NO. 7:

Produce all policies of insurance, including all primary, excess and umbrella coverage in effect on the date of the accident.

REQUEST NO. 8:

Produce all documents referred to, consulted, or relied upon by defendants in preparing their responses to plaintiff's first set of interrogatories.

REQUEST NO. 9:

Produce all documents obtained by defendants in response to any discovery requests, subpoenas, or FOIA requests served upon any person, business, or agency in connection with this lawsuit.

REQUEST NO. 10:

Produce all documents relating to all maintenance, repair, inspection and modification records concerning the aisles/floors at Home Depot Port Chester, from April 27, 2022, through May 27, 2022.

REQUEST NO. 11:

Produce all documents relating to all complaints made about the aisles/floors at Home Depot Port Chester, from April 27, 2022, through May 27, 2022.

REQUEST NO. 12:

Produce all statements, whether written, oral, or otherwise taken of any person, party non-party or otherwise with reference to the accident of May 27, 2022.

REQUEST NO. 13:

Produce all tapes, moving pictures or recordings, whether audio or video, of the plaintiff's accident.

REQUEST NO. 14:

Produce all documents requested to be identified or described in the foregoing interrogatories.

REQUEST NO. 15:

Produce written reports in accordance with FRCP 26 for each person whom you expect to call as an expert witness at trial.

REQUEST NO. 16:

Produce all documents and information upon which your experts will rely in creating written reports and testimony at trial.

REQUEST NO. 17:

Produce all documents that you intend to introduce as evidence or otherwise use at the trial of this action.

REQUEST NO. 18:

Produce all documents identified or described in response to the foregoing interrogatories.

REQUEST NO. 19:

Produce all "store readiness checklists" for the accident situs for ninety (90) days up to and including the accident date.

REQUEST NO. 20:

Produce all "my walks" and/or store walk summaries for the accident situs for ninety (90) days up to and including the accident date.

REQUEST NO. 21:

Produce a copy of the Home Depot Port Chester manual that governs accident reporting and investigations.

REQUEST NO. 22:

Produce all documents relating to all complaints made regarding dangerous, hazardous and unsafe conditions at the accident location at Home Depot Port Chester from April 27, 2022, through May 27, 2022.

REQUEST NO. 23:

Produce a copy of the General Liability Worksheet related to Plaintiff's accident.

REQUEST NO. 24:

Produce a copy of the General Liability File related to Plaintiff's accident.

REQUEST NO. 25:

Produce a copy of the Store Claim Activity Sheet related to Plaintiff's accident.

REQUEST NO. 26:

Provide a copy of the Home Depot Port Chester manual that governs housekeeping, maintenance, and repairs.

REQUEST NO. 27:

Provide a copy of all materials dispensed and/or used in safety and awareness training courses given to Home Depot Port Chester employees.

REQUEST NO. 28:

Produce a copy of the "weekly play book" for three months, up to and including the date of

the accident.

Dated:  New York, New York
        January 25, 2023

                                        SACKS & SACKS, LLP

                                        By: *Danielle M. Ottino*
                                        **DANIELLE M. OTTINO, ESQ.**
                                        Counsel for Plaintiff
                                        150 Broadway - 4th Floor
                                        New York, NY  10038
                                        (212) 964-5570
                                        danielle@sacks-sacks.com

**TO:**

**AARONSON RAPPAPORT**
Counsel for Defendant
**HOME DEPOT, U.S.A., INC.**
600 Third Avenue
New York, New York 10016
**Attn: Peter J. Fazio, Esq.**
(212) 593-6700
pjfazio@arfdlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing **First Set Of Interrogatories and Document Requests** has been served upon the below Attorneys for Defendants, Home Depot USA, Inc. and The Home Depot, Inc., Service was effected via email.

This 25th day of January, 2023.

| | |
|---|---|
| **AARONSON RAPPAPORT**<br>Counsel for Defendant<br>**HOME DEPOT, U.S.A., INC.**<br>600 Third Avenue<br>New York, New York 10016<br>**Attn: Peter J. Fazio, Esq.**<br>(212) 593-6700<br>pjfazio@arfdlaw.com<br>rlmartin@arfdlaw.com | |
| | |

*Danielle M. Ottino*
**DANIELLE M. OTTINO, ESQ.**
**SACKS & SACKS, LLP**
Counsel for Plaintiff
150 Broadway - 4th Floor
New York, NY 10038
(212) 964-5570
danielle@sacks-sacks.com

-4-

# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

RONALD AUSTIN and LORI AUSTIN,

                              Plaintiffs,

     - against -

HOME DEPOT U.S.A., INC. and THE HOME
DEPOT, INC.

                            Defendant

------------------------------------------------------x

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S FIRST REQUEST
FOR PRODUCTION OF
DOCUMENTS**

Civil No. 22-cv-09885

**COUNSELORS:**

        Defendant, HOME DEPOT U.S.A., INC. ("Home Depot"), also sued herein as, HOME

DEPOT U.S.A., INC. and THE HOME DEPOT, INC., by and through its attorneys, Aaronson

Rappaport Feinstein & Deutsch, LLP, serves the following Objections and Responses (hereinafter

the "Responses") to Plaintiff's First Set of Interrogatories and Document Requests to Defendant

(hereinafter the "Requests").

## PRELIMINARY STATEMENT

        For many years, Home Depot has had at any one-time hundreds of thousands of

employees in different locations throughout the United States. In conducting its business, Home

Depot has generated millions of documents that have been kept in numerous locations and have

been moved frequently from site to site as employees have changed jobs. Accordingly, Home

Depot does not, and could not possibly, represent that its Responses constitute all of the

information requested. Rather, as required by the Federal Rules of Civil Procedure ("FRCP"),

Home Depot's responses reflect all responsive information identified by Home Depot pursuant to

a reasonable inquiry conducted in those areas where such information is expected to be found pertaining to the incident alleged to have occurred on May 27, 2022 at, about and/or within the premises known as The Home Depot Store #1212, located at 150 Midland Avenue, Port Chester, New York 10573. Where these Requests purport to require more, Home Depot objects on the grounds that they seek to compel Home Depot to conduct a search beyond the scope of permissible discovery contemplated by the FRCP, and compliance with these discovery requests would impose an undue burden and expense on Home Depot. Accordingly, these Responses are intended to be limited in scope and responsive solely to the allegations presented in Plaintiff's Complaint, namely the incident alleged to have occurred on May 27, 2022 at, about and/or within the premises known as The Home Depot Store #1212, located at 150 Midland Avenue, Port Chester, New York 10573.

## <u>GENERAL OBJECTIONS</u>

1.     Defendant objects to the Requests to the extent that they seek information or documents protected from discovery by any privilege, including, but not limited to, the attorney-client privilege, the deliberative process privilege, the self-critical analysis privilege, the insurer privilege, the attorney work product doctrine, or any applicable privilege or immunity, including the privileges and rights of privacy applicable to personnel records. To the extent any protected information is produced, such information was produced inadvertently and Defendant shall not be deemed to have waived any of Its privileges with respect to that or any other information.

2.     Defendant objects to the Requests to the extent that they seek the disclosure of information that is commercially or competitively sensitive, proprietary, or constitutes trade secrets.

3.     In providing the Responses to the Requests, Defendant has undertaken a reasonable effort to provide responsive information to the extent that such information is not subject to objection. Defendant's investigation is continuing and the following Responses are therefore based upon such information as is available to Defendant and capable of retrieval through reasonable efforts. Defendant reserves the right to supplement any and all of Its Responses to include information that may be disclosed during Its continuing investigation or during discovery.

4.     Defendant objects to the Requests to the extent that they seek information or documents concerning activities, policies, practices, information, or procedures of any persons and/or entities other than Defendant, because those persons and/or entities are best able to provide responses concerning Its operations or activities. Responses will be provided for Defendant only and will be based upon information known or reasonably available to Defendant.

5.     Defendant objects to the scope of the Requests to the extent that the information sought is beyond that which is relevant or reasonably calculated to lead to the discovery of admissible evidence.

6.     Defendant objects to the Requests to the extent that particular Requests, or any words or terms used therein, are vague, ambiguous, subject to different interpretations, overly broad, unduly burdensome, not limited to a specific time period, require subjective knowledge by persons or parties other than Defendant, call for speculation, involve issues of law subject to resolution by the Court, or seek information that is irrelevant, inadmissible, or not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the use of undefined terms and phrases. Defendant objects to the Requests to the extent they fail to set forth or describe with particularity the information requested.

7.     These Responses are made solely for purposes of this action. Each Response is subject to all objections as to competency, relevancy, materiality, admissibility and any and all other objections that would require the exclusion of any statement contained herein if such statement were made by a witness present and testifying in court. All such objections and grounds are reserved and may be interposed at the time of trial.

8.     Defendant objects to the Requests to the extent that they seek information or documents whose disclosure or production imposes an unreasonable hardship on Defendant and/or where information or documents can be obtained from sources that are more convenient, less burdensome, or less expensive.

9.     Defendant objects to the Requests to the extent that they seek information that is in the public domain since such information is equally available to Plaintiff.

10.     Defendant objects to the Requests to the extent that they seek legal conclusions or legal analyses.

11.     Defendant objects to the Requests to the extent that they seek information not in the possession, custody, or control of Defendant, or not available to Defendant's management personnel through customary and reasonable internal business procedures.

12.     Defendant objects to the Requests to the extent that they are not limited to a specific time period relevant to the claims alleged in this litigation and/or they seek information beyond the time period that could conceivably lead to discovery of admissible evidence.

13.     No incidental or implied admissions are intended by the Responses herein. The fact that Defendant has responded or objected to any Request should not be taken as an admission that It accepts or admits any legal conclusion or the existence of any "facts" set forth or assumed by such Request.

14.     Defendant objects to the Requests to the extent that they seek the disclosure of information that is protected by a court order or a confidentiality agreement.

15. Defendant objects to the Requests to the extent that they seek information or documents that Defendant previously has produced. Defendant will not again produce such information or documents.

16. Defendant objects to the Requests to the extent they purport to impose discovery obligations beyond those authorized by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York or any other applicable Orders of the Court.

17. These "General Objections" are applicable to and incorporated into each of Defendant's Responses, infra, as if specifically set forth at length therein. The stating of specific objections to a particular Request shall not be construed as a waiver of Defendant's "General Objections" nor does the restatement of a specific reference to a "General Objection" in the Response to a particular Request waive any other "General Objection." Unless otherwise specifically stated, Defendant's objections to each Request applies to the entire Request, including each and every subparagraph of each Request. Defendant reserves the right to make specific and further objections to each Request.

## SPECIFIC OBJECTIONS AND RESPONSES

### Document Request No. 1:

Produce any writings or communications relating to the accident which is the subject of this action in the possession of the defendant.

### Response:

Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation. Defendant objects to this Request to the extent that it calls for production of documents and/or information to which Plaintiff has equal access or that is already within Plaintiff's possession, custody, or control.

Subject to Defendant's General and Specific Objections, Defendant will not respond to this Request at this time on the grounds that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Defendant further states that, at this time, It has not yet determined and/or ascertained all documents that are intended to be used at trial. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Document Request No. 2:**

Produce all documents concerning the accident that is the subject of this civil action, including, but not limited to, accident reports, customer incident statements, witness statements, photographs, e-mails, and investigation reports.

**Response:**

Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation. Defendant objects to this Request to the extent that it calls for production of documents and/or information to which Plaintiff has equal access or that is already within Plaintiff's possession, custody, or control.

Subject to Defendant's General and Specific Objections, Defendant will not respond to

this Request at this time on the grounds that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Defendant further states that, at this time, It has not yet determined and/or ascertained all documents that are intended to be used at trial. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Document Request No. 3:**

Produce any surveillance recordings, including but not limited to films, tapes, videos, recordings, motion pictures, photographs, recorded statements, videotaped statements taken of the plaintiff by or on behalf of your or your employees, servants, investigators, agents and/or any other representative of said parties.

**Response:**

Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant objects to this Request to the extent that it calls for the production of information that is highly confidential, proprietary, and/or protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation.

Subject to Defendant's General and Specific Objections, Defendant will not respond to this Request at this time on the grounds that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Discovery in this action is continuing, and Defendant reserves

the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Document Request No. 4:**

Produce any color photographs and videos taken of the scene of the accident situs and/or of plaintiff's accident, including but not limited to plaintiffs' injuries.

**Response:**

      Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant objects to this Request to the extent that it is not limited to a specific time period and/or seeks information beyond that which is relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation. Defendant objects to this Request to the extent that it calls for production of documents and/or information to which Plaintiff has equal access or that is already within Plaintiff's possession, custody, or control.

      Subject to Defendant's General and Specific Objections, Defendant will not respond to this Request at this time on the grounds that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Document Request No. 5:**

Produce any writing relating to all statements, whether written, oral or otherwise, taken of the plaintiff by defendant or taken of the plaintiff on defendant's behalf with reference to the accident of May 27, 2022.

**Response:**

   Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation. Defendant objects to this Request to the extent that it calls for production of documents and/or information to which Plaintiff has equal access or that is already within Plaintiff's possession, custody, or control.

   Subject to Defendant's General and Specific Objections, Defendant will not respond to this Request at this time on the grounds that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Defendant further states that, at this time, It has not yet determined and/or ascertained all documents that are intended to be used at trial. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Document Request No. 6:**

Produce any videotape or other visual or audio recording in any medium of plaintiff since the date of the accident.

**Response:**

Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant objects to this Request to the extent that it is not limited to a specific time period and/or seeks information beyond that which is relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation. Defendant objects to this Request to the extent that it calls for production of documents and/or information to which Plaintiff has equal access or that is already within Plaintiff's possession, custody, or control.

Subject to Defendant's General and Specific Objections, Defendant will not respond to this Request at this time on the grounds that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Document Request No. 7:**

Produce all policies of insurance, including all primary, excess and umbrella coverage in effect on the date of the accident.

**Response:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and/or seeks information that is irrelevant, inadmissible, or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation.

Subject to Defendant's General and Specific Objections, Home Depot currently maintains a retained risk for losses related to general liability, up to $1,000,000.00 Home Depot maintains additional excess coverage with third party insurers. In light of the foregoing, these policies will not be produced at this time. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Document Request No. 8:**

Produce all documents referred to, consulted, or relied upon by defendants in preparing their response to plaintiff's first set of interrogatories.

**Response:**

Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or

control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation.

Subject to Defendant's General and Specific Objections, Defendant will not respond to this Request at this time on the grounds that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Document Request No. 9:**

Produce all documents obtained by defendants in response to any discovery requests, subpoenas, or FOIA requests served upon any person, business, or agency in connection with this lawsuit.

**Response:**

Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant objects to this Request to the extent that it is not limited to a specific time period and/or seeks information beyond that which is relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation. Defendant objects to this Request to the extent that it calls for production of documents and/or information to which

Plaintiff has equal access or that is already within Plaintiff's possession, custody, or control.

Subject to Defendant's General and Specific Objections, Defendant will not respond to this Request at this time on the grounds that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Document Request No. 10:**

Produce all documents relating to all maintenance, repair, inspection and modification records concerning the aisles/floors at Home Depot Port Chester, from April 27, 2022, through May 27, 2022.

**Response:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and/or seeks information that is irrelevant, inadmissible, or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation.

Subject to Defendant's General and Specific Objections, Defendant will not respond to this Request at this time on the grounds that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Discovery in this action is continuing, and Defendant reserves

the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Document Request No. 11:**

Produce all documents relating to all complaints made about the aisles/floors at Home Depot Port Chester, from April 27, 2022, through May 27, 2022.

**Response:**

Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation. Defendant objects to this Request to the extent that it calls for production of documents and/or information to which Plaintiff has equal access or that is already within Plaintiff's possession, custody, or control.

Subject to Defendant's General and Specific Objections, Defendant will not respond to this Request at this time on the grounds that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Defendant further states that, at this time, It has not yet determined and/or ascertained all documents that are intended to be used at trial. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Document Request No. 12:**

Produce all statements, whether written or oral, or otherwise taken of any person, party, non-party or otherwise with reference to the accident of May 27, 2022.

**Response:**

Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation. Defendant objects to this Request to the extent that it calls for production of documents and/or information to which Plaintiff has equal access or that is already within Plaintiff's possession, custody, or control.

Subject to Defendant's General and Specific Objections, Defendant will not respond to this Request at this time on the grounds that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Defendant further states that, at this time, It has not yet determined and/or ascertained all documents that are intended to be used at trial. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Document Request No. 13:**

Produce all tapes, moving pictures or recordings, whether audio or video, of the plaintiff's accident.

**Response:**

Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant objects to this Request as far as it may be impossible to determine with precision "any and all video tapes, digital and analog recordings of any kind of the area where the incident occurred" that may relate to Plaintiff. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation. Defendant objects to this Request to the extent that it calls for production of documents and/or information to which Plaintiff has equal access or that is already within Plaintiff's possession, custody, or control.

Subject to Defendant's General and Specific Objections, Defendant will not respond to this Request at this time on the grounds that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Document Request No. 14:**

Produce all documents requested to be identified or described in the foregoing interrogatories.

**Response:**

Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation.

Subject to Defendant's General and Specific Objections, Defendant will not respond to this Request at this time on the grounds that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Defendant further states that, at this time, It has not yet determined and/or ascertained all documents that are intended to be used at trial. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Document Request No. 15:**

Produce written reports in accordance with FRCP 26 for each person whom you expect to call as an expert witness at trial.

**Response:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and/or seeks information that is irrelevant, inadmissible, or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Request to the extent

that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation.

Subject to Defendant's General and Specific Objections, Defendant will not respond to this Request at this time on the grounds that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Document Request No. 16:**

Produce all documents and information upon which your experts will rely in creating written reports and testimony at trial.

**Response:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and/or seeks information that is irrelevant, inadmissible, or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request

to the extent that it seeks information that is outside the scope of the above-referenced litigation.

Subject to Defendant's General and Specific Objections, Defendant will not respond to this Request at this time on the grounds that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Document Request No. 17:**

Produce all documents that you intend to introduce as evidence or otherwise use at the trial of this action.

**Response:**

Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation.

Subject to Defendant's General and Specific Objections, Defendant will not respond to this Request at this time on the grounds that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Defendant further states that, at this time, It has not yet determined and/or ascertained all documents that are intended to be used at trial. Discovery in this

action is continuing, and Defendant reserves the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Document Request No. 18:**

Produce all documents identified or described in response to the foregoing interrogatories.

**Response:**

Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation.

Subject to Defendant's General and Specific Objections, Defendant will not respond to this Request at this time on the grounds that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Defendant further states that, at this time, It has not yet determined and/or ascertained all documents that are intended to be used at trial. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Document Request No. 19:**

Produce all "store readiness checklists" for the accident situs for ninety (90) days up to and

including the accident date.

**Response:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and/or seeks information that is irrelevant, inadmissible, or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation. In addition, this Request is unintelligible as stated.

Subject to Defendant's General and Specific Objections, Defendant will not respond to this Request at this time on the grounds that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Document Request No. 20:**

Produce all "my walks" and/or store walks, summaries for the accident situs for ninety (90) days up to and including the accident date.

**Response:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and/or seeks information that is irrelevant, inadmissible, or not reasonably calculated

to lead to the discovery of admissible evidence. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation. In addition, this Request is unintelligible as stated.

Subject to Defendant's General and Specific Objections, Defendant will not respond to this Request at this time on the grounds that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

### Document Request No. 21:

Produce a copy of the Home Depot Port Chester manual that governs accident reporting and investigations.

### Response:

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and/or seeks information that is irrelevant, inadmissible, or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. Defendant objects to this Request to the extent that it calls for documents not in the

possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation. In addition, this Request is unintelligible as stated.

Subject to Defendant's General and Specific Objections, Defendant will not respond to this Request at this time on the grounds that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Document Request No. 22:**

Produce all documents relating to all complaints made regarding dangerous, hazardous and unsafe conditions at the accident location at Home Depot Port Chester from April 27, 2022, through May 27, 2022.

**Response:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and/or seeks information that is irrelevant, inadmissible, or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the

extent that it seeks information that is outside the scope of the above-referenced litigation. In addition, this Request is unintelligible as stated.

Subject to Defendant's General and Specific Objections, Defendant will not respond to this Request at this time on the grounds that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Document Request No. 23:**

Produce a copy of the General Liability Worksheet related to plaintiff's accident.

**Response:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and/or seeks information that is irrelevant, inadmissible, or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation. In addition, this Request is unintelligible as stated.

Subject to Defendant's General and Specific Objections, Defendant avers that all material responsive to this request was already provided in Defendant's Initial Rule 26(a)(1) Disclosure. (Austin_HD_Bates_000001-000003). A courtesy copy of same is enclosed herewith for your convenience. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Document Request No. 24:**

Produce a copy of the General Liability File related to plaintiff's accident.

**Response:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and/or seeks information that is irrelevant, inadmissible, or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation. In addition, this Request is unintelligible as stated.

Subject to Defendant's General and Specific Objections, Defendant avers that all material responsive to this request was already provided in Defendant's Initial Rule 26(a)(1) Disclosure. (Austin_HD_Bates_000001-000003). A courtesy copy of same is enclosed herewith for your convenience. Discovery in this action is continuing, and Defendant reserves the right to

supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Document Request No. 25:**

Produce a copy of the Store Claim Activity Sheet related to plaintiff's accident.

**Response:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and/or seeks information that is irrelevant, inadmissible, or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation. In addition, this Request is unintelligible as stated.

Subject to Defendant's General and Specific Objections, Defendant will not respond to this Request at this time on the grounds that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Document Request No. 26:**

Provide a copy of the Home Depot Port Chester manual that governs housekeeping, maintenance, and repairs.

**Response:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and/or seeks information that is irrelevant, inadmissible, or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation. In addition, this Request is unintelligible as stated.

Subject to Defendant's General and Specific Objections, Defendant will not respond to this Request at this time on the grounds that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Document Request No. 27:**

Provide a copy of all material dispensed and/or used in safety and awareness training courses given to Home Deport Port Chester employees.

**Response:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and/or seeks information that is irrelevant, inadmissible, or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation. In addition, this Request is unintelligible as stated.

Subject to Defendant's General and Specific Objections, Defendant will not respond to this Request at this time on the grounds that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Document Request No. 28:**

Produce a copy of the "weekly play book" for three months, up to and including the date of the accident.

**Response:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and/or seeks information that is irrelevant, inadmissible, or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Request to the extent

that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation. In addition, this Request is unintelligible as stated.

Subject to Defendant's General and Specific Objections, Defendant will not respond to this Request at this time on the grounds that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

Dated:     New York, New York
          June 7, 2023

                        Yours, etc.

                        *Rebecca L. Martin*
                        BY: Rebecca L. Martin
                        AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP
                        Attorneys for HOME DEPOT U.S.A., INC. and THE HOME DEPOT, INC.
                        Office & P.O. Address
                        600 Third Avenue
                        New York, NY 10016
                        (212) 593-6538

## CERTIFICATE OF
## SERVICE

The undersigned hereby certifies that a copy of the foregoing DEFENDANT'S

RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

has been served on the following parties via email and regular mail on the **7th day of June,**

**2023**.

| | |
|---|---|
| Sacks & Sacks, LLP<br>150 Broadway, 4th Floor<br>New York, New York, 10038<br>Attention: Daniel Weir, Esq.<br>dan@sacks-sacks.com<br>danielle@sacks-sacks.com | |
| | |

*Rebecca L. Martin, Esq.*

Aaronson Rappaport Feinstein &
Deutsch, LLP

600 Third Avenue

New York, New York 10016

Telephone:  (212) 593-6538

Fax:  (212) 593-6970

E-Mail: rlmartin@arfdlaw.com

SUPREME COUIRT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK                    Index No: 159120/2022

---

RONALD, AUSTIN and LORI AUSTIN,

                        Plaintiffs,

        - against -

HOME DEPOT U.S.A., INC. and THE
HOME DEPOT, INC.

---

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS**

---

**AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP**
Attorneys for Defendant
HOME DEPOT U.S.A., INC. AND THE HOME DEPOT, INC.
Office and Post Address
600 Third Avenue
New York, NY  10016
212-593-6700

---

To:   **ALL PARTIES**

# The Home Depot

**General Liability :** 20220556870
**Claimant :** RONALD AUSTIN
**Location :** 1212 Port Chester
**Reported by :** CHRISTOPHER ROBERTS
**Reported by Contact Phone # :** (914) 690-9745

**Privacy Alert!** You may be handling Sensitive Personal Information. "Sensitive Personal Information" includes a person's name in combination with a social security number, driver's license number, or financial account number/credit card number. Remember: All associates are responsible for maintaining the confidentiality and security of Sensitive Personal Information. Refer to The Home Depot Privacy and Information Protection Policy and Administrative SOP ADM 08-05, Records Management for Stores, to review how Sensitive Personal Information should be handled, retained, or securely destroyed.

## Incident Details

| Questions | Answers |
| --- | --- |
| Number of Injured Non-Associate(s) | 1, RONALD AUSTIN |
| Number of Injured Associate(s) | 0 |
| What item(s) were DAMAGED in this incident? | No items were damaged |
| Reporter location number | 1212 |
| Was a Home Depot vehicle INVOLVED in this incident? | No |
| Store Number | 1212 |
| Street Address | 150 Midland Ave |
| City | Port Chester |
| State | NY |
| ZIP | 10573 |
| When did the incident occur? | 5/27/2022 10:17 AM |
| What date was the incident reported to supervisor/store manager? | 5/27/2022 |
| Incident department location | 21 Lumber |
| Where did the incident occur? Please give the EXACT location. | 16-002 |
| Who is the DEPARTMENT SUPERVISOR? | Ron |
| Brief description of the incident | Customer states he was walking and tripped on green banding stocking out from under bunk of 2x4s. |

## Injured Individual

| Questions | Answers |
| --- | --- |
| First name | RONALD |
| Last name | AUSTIN |
| Do you have contact information for the injured individual? | Yes |
| Injured individual mobile phone number | (845) 901-2669 |
| Injured individual email | homeredecby@gmail.com |

**Austin_HD_Bates_000001**

| Questions | Answers |
|---|---|
| Address of the injured person | 516 ROUTE 303 STE 6B |
| City of the injured person | ORANGEBURG |
| State of the injured person | NY |
| Zip code of the injured person | 10962 |
| Country | United States |
| Did the injured individual experience any of the following? (Amputation, Fatality, First Aid Given in Store, Loss of Consciousness) | First Aid Given in Store |
| Was the injured individual transported to a Hospital Emergency Room in any way? | No |

**Store Equipment**

| Questions | Answers |
|---|---|
| Were any of the following items involved? (Lift Equipment, Merchandise, Orange or Yellow Ladders, Other Equipment (Non-Lift), None of These) | None |

**Additional Details**

| Questions | Answers |
|---|---|
| Was a VENDOR/SUPPLIER involved? | No |
| Was the incident captured on CCTV? | Unknown |
| Were pictures taken? | No |
| Which ASSOCIATE investigated this incident? | CHRISTOPHER ROBERTS |
| Were there any witnesses? | No |
| Store contact first name | CHRISTOPHER |
| Store contact last name | ROBERTS |
| Store contact phone number | (914) 690-9745 |
| Store/location Contact Email Address | CAR2119@homedepot.com |



Austin_HD_Bates_000003

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————x

RONALD AUSTIN and LORI AUSTIN,

                       Plaintiffs,

   - against -

HOME DEPOT U.S.A., INC. and THE HOME
DEPOT, INC.

                  Defendant

————————————————————————x

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO
DEFENDANT**

Civil No. 22-cv-09885

**COUNSELORS:**

    Defendant, HOME DEPOT U.S.A., INC. ("Home Depot"), also sued herein as, HOME DEPOT U.S.A., INC. and THE HOME DEPOT, INC., by and through its attorneys, Aaronson Rappaport Feinstein & Deutsch, LLP, serves the following Objections and Responses (hereinafter the "Responses") to Plaintiff's First Set of Interrogatories and Document Requests to Defendant (hereinafter the "Requests").

## PRELIMINARY STATEMENT

    For many years, Home Depot has had at any one-time hundreds of thousands of employees in different locations throughout the United States. In conducting its business, Home Depot has generated millions of documents that have been kept in numerous locations and have been moved frequently from site to site as employees have changed jobs. Accordingly, Home Depot does not, and could not possibly, represent that its Responses constitute all of the information requested. Rather, as required by the Federal Rules of Civil Procedure ("FRCP"), Home Depot's responses reflect all responsive information identified by Home Depot pursuant to a reasonable inquiry conducted in those areas where such information is expected to be found

pertaining to the incident alleged to have occurred on May 27, 2022 at, about and/or within the premises known as The Home Depot Store #1212, located at 150 Midland Avenue, Port Chester, New York 10573. Where these Requests purport to require more, Home Depot objects on the grounds that they seek to compel Home Depot to conduct a search beyond the scope of permissible discovery contemplated by the FRCP, and compliance with these discovery requests would impose an undue burden and expense on Home Depot. Accordingly, these Responses are intended to be limited in scope and responsive solely to the allegations presented in Plaintiff's Complaint, namely the incident alleged to have occurred on May 27, 2022 at, about and/or within the premises known as The Home Depot Store #1212, located at 150 Midland Avenue, Port Chester, New York 10573.

## **GENERAL OBJECTIONS**

1.      Defendant objects to the Requests to the extent that they seek information or documents protected from discovery by any privilege, including, but not limited to, the attorney-client privilege, the deliberative process privilege, the self-critical analysis privilege, the insurer privilege, the attorney work product doctrine, or any applicable privilege or immunity, including the privileges and rights of privacy applicable to personnel records. To the extent any protected information is produced, such information was produced inadvertently and Defendant shall not be deemed to have waived any of Its privileges with respect to that or any other information.

2.      Defendant objects to the Requests to the extent that they seek the disclosure of information that is commercially or competitively sensitive, proprietary, or constitutes trade secrets.

3.      In providing the Responses to the Requests, Defendant has undertaken a reasonable effort to provide responsive information to the extent that such information is not subject to objection. Defendant's investigation is continuing and the following Responses are therefore based upon such information as is available to Defendant and capable of retrieval through reasonable efforts. Defendant reserves the right to supplement any and all of Its Responses to include information that may be disclosed during Its continuing investigation or during discovery.

4.      Defendant objects to the Requests to the extent that they seek information or documents concerning activities, policies, practices, information, or procedures of any persons and/or entities other than Defendant, because those persons and/or entities are best able to

provide responses concerning Its operations or activities. Responses will be provided for Defendant only and will be based upon information known or reasonably available to Defendant.

5. Defendant objects to the scope of the Requests to the extent that the information sought is beyond that which is relevant or reasonably calculated to lead to the discovery of admissible evidence.

6. Defendant objects to the Requests to the extent that particular Requests, or any words or terms used therein, are vague, ambiguous, subject to different interpretations, overly broad, unduly burdensome, not limited to a specific time period, require subjective knowledge by persons or parties other than Defendant, call for speculation, involve issues of law subject to resolution by the Court, or seek information that is irrelevant, inadmissible, or not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the use of undefined terms and phrases. Defendant objects to the Requests to the extent they fail to set forth or describe with particularity the information requested.

7. These Responses are made solely for purposes of this action. Each Response is subject to all objections as to competency, relevancy, materiality, admissibility and any and all other objections that would require the exclusion of any statement contained herein if such statement were made by a witness present and testifying in court. All such objections and grounds are reserved and may be interposed at the time of trial.

8. Defendant objects to the Requests to the extent that they seek information or documents whose disclosure or production imposes an unreasonable hardship on Defendant and/or where information or documents can be obtained from sources that are more convenient, less burdensome, or less expensive.

9. Defendant objects to the Requests to the extent that they seek information that is in the public domain since such information is equally available to Plaintiff.

10. Defendant objects to the Requests to the extent that they seek legal conclusions or legal analyses.

11. Defendant objects to the Requests to the extent that they seek information not in the possession, custody, or control of Defendant, or not available to Defendant's management personnel through customary and reasonable internal business procedures.

12. Defendant objects to the Requests to the extent that they are not limited to a specific time period relevant to the claims alleged in this litigation and/or they seek information beyond the time period that could conceivably lead to discovery of admissible evidence.

13. No incidental or implied admissions are intended by the Responses herein. The fact that Defendant has responded or objected to any Request should not be taken as an admission that It accepts or admits any legal conclusion or the existence of any "facts" set forth or assumed by such Request.

14. Defendant objects to the Requests to the extent that they seek the disclosure of information that is protected by a court order or a confidentiality agreement.

15.     Defendant objects to the Requests to the extent that they seek information or documents that Defendant previously has produced. Defendant will not again produce such information or documents.

16.     Defendant objects to the Requests to the extent they purport to impose discovery obligations beyond those authorized by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York or any other applicable Orders of the Court.

17.     Defendant objects to the Requests as they exceed the permissible limits on interrogatories pursuant to Fed. R. Civ. P. 33.

18.     These "General Objections" are applicable to and incorporated into each of Defendant's Responses, infra, as if specifically set forth at length therein. The stating of specific objections to a particular Request shall not be construed as a waiver of Defendant's "General Objections" nor does the restatement of a specific reference to a "General Objection" in the Response to a particular Request waive any other "General Objection." Unless otherwise specifically stated, Defendant's objections to each Request applies to the entire Request, including each and every subparagraph of each Request. Defendant reserves the right to make specific and further objections to each Request.

## SPECIFIC OBJECTIONS AND RESPONSES

**Interrogatory No. 1:** Identify each witness to the accident and for each such witness state (i) the location of the witness at the time of the accident in relation to the site of the accident; (ii) if the witness was at the site of the accident, his or her purpose for being at the site; and (iii) what the witness heard, saw or perceived with respect to the accident and/or what information the witness has with respect to the accident.

**Response:**

Defendant objects to producing residential telephone numbers and addresses as such information is personal and confidential. Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management

personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation.

Subject to Defendant's General and Specific Objections, Defendant responds as follows: Plaintiff, Ronald Austin, is a witness that are aware of the accident. Said contact information is in the possession of Plaintiff. All treating and attending physicians and healthcare professionals of the Plaintiff, including, but not limited to, those individuals who may be identified by the Plaintiff are witnesses that are aware of the accident. Said contact information is or should be in the possession of Plaintiff. All employees, agents, servants or independent contractors of all hospitals, healthcare centers, pharmacies, laboratories, visiting nurse associations, home health care services, ambulance services, and any other entity from which the Plaintiff received care or treatment, including, but not limited to, those which may be identified by the Plaintiff are witnesses that may be aware of the accident. Said contact information is or should be in the possession of Plaintiff. Family members, friends, former friends, and/or acquaintances of the Plaintiff that may have knowledge of the factual basis for claims and defenses are witnesses that are aware of the accident. The contact information for these witnesses is not known at this time. Any witnesses identified in Plaintiff's Initial Disclosures and all supplements thereto or in any of Plaintiff's discovery responses are witnesses that are aware of the accident. The contact information for these witnesses is not known at this time but may be available in said responses. Any expert witnesses named by the parties are or will be witnesses aware of the accident. The contact information for these witnesses is not known at this time. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information

that may be identified during the course of Its continuing investigation or discovery efforts in this action up to and including the time of trial.

**Interrogatory No. 2:** State all facts that support your First Affirmative Defense that plaintiff's injuries were caused in whole or in part by the contributory or comparative negligence and/or culpable conduct of said plaintiff and not as a result of any negligence and/or culpable conduct on the part of the defendant.

**Response:**

Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects as far as this Request calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation.

Subject to Defendant's General and Specific Objections, Defendant will not respond to this Request at this time on the grounds that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Interrogatory No. 3:** State all facts that support your Third and Eighth Affirmative Defenses that plaintiff's accident occurred to due to the negligence of a third party.

**Response:**

Defendant objects to this Request on the grounds that it is overly broad and unduly

burdensome. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects as far as this Request calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation.

Subject to Defendant's General and Specific Objections, Defendant will not respond to this Request at this time on the grounds that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Interrogatory No. 4:** State all facts that support your Sixth Affirmative Defense that Plaintiff's injuries were not proximately caused by Home Depot.

**Response:**

Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects as far as this Request calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation.

Subject to Defendant's General and Specific Objections, Defendant will not respond to this Request at this time on the grounds that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Interrogatory No. 5:** State all facts that support your Seventh Affirmative Defenses that plaintiff failed to join a necessary party and state whom the alleged necessary party is and how/why they are a necessary party to the action.

**Response:**

Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects as far as this Request calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation.

Subject to Defendant's General and Specific Objections, Defendant will not respond to this Request at this time on the grounds that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Interrogatory No. 6:** State all facts that support your Eighth Affirmative Defenses that plaintiff failed to join a necessary party and state whom the alleged necessary party is and how/why they are a necessary party to the action.

**Response:**

Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects as far as this Request calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation.

Subject to Defendant's General and Specific Objections, Defendant will not respond to this Request at this time on the grounds that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Interrogatory No. 7:** If you claim any negligent or wrongful act or omission by third persons not under defendant's direction or control caused or contributed to the accident, state (i) the name and last known address of each such third person, (ii) the time and location of each such person's acts and/or omissions, (ii) a detailed description of each such person's acts and/or omissions and (iii) the degree, extent and/or proportion to which it claims each such person's alleged negligence contributed to the accident.

**Response:**

Defendant objects to producing residential telephone numbers and addresses as such information is personal and confidential. Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation.

Subject to Defendant's General and Specific Objections, Defendant will not respond to this Request at this time on the grounds that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Interrogatory No. 8:** Identify any statements, however recorded, or memorialized, by any person who purports to have any knowledge or information related to the accident.

**Response:**

Defendant objects on the grounds that the term "statements" is vague, ambiguous, and subject to several interpretations. Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client

privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation. Defendant objects to this Request to the extent that it seeks information beyond that which is relevant or reasonably calculated to lead to the discovery of admissible evidence.

Subject to Defendant's General and Specific Objections, Defendant will not provide the information sought in this Request on the grounds that it is premature in that Defendant have not completed their investigation of the facts relating to this action, have not completed their discovery in this action, and have not completed their preparation for trial. Discovery in this action is continuing, and Defendant reserve the right to supplement their Response to include information or documents which may be identified during the course of their continuing investigation or discovery efforts in this action.

**Interrogatory No. 9:** Identify any maps, photographs, schematics, diagrams, reports, statements, videotape or graphic depiction that purport to represent the site of the accident, of any equipment, tools, or devices you claim were involved in the accident, or of the plaintiff after the accident.

**Response:**

Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant

objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation.

Subject to Defendant's General and Specific Objections, Defendant will not provide the information sought in this Request on the grounds that it is premature in that Defendant have not completed their investigation of the facts relating to this action, have not completed their discovery in this action, and have not completed their preparation for trial. Discovery in this action is continuing, and Defendant reserve the right to supplement their Response to include information or documents which may be identified during the course of their continuing investigation or discovery efforts in this action.

**Interrogatory No. 10:** Identify any investigations, reports or tests related to the facts or causes of the accident.

**Response:**

Defendant objects on the grounds that the terms "reports" and "tests related to the facts or causes of the accident" are vague, ambiguous, and subject to several interpretations. Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that

is outside the scope of the above-referenced litigation. Defendant objects to this Request to the extent that it seeks information beyond that which is relevant or reasonably calculated to lead to the discovery of admissible evidence.

Subject to Defendant's General and Specific Objections, Defendant will not provide the information sought in this Request on the grounds that it is premature in that Defendant have not completed their investigation of the facts relating to this action, have not completed their discovery in this action, and have not completed their preparation for trial. Discovery in this action is continuing, and Defendant reserve the right to supplement their Response to include information or documents which may be identified during the course of their continuing investigation or discovery efforts in this action.

**Interrogatory No. 11:** Identify all persons who have knowledge or information concerning the accident, whether defendant intends to call them as a witness at trial, to include all persons who saw or may have seen plaintiff's accident; was or may have been within hearing range of plaintiff's accident; who aided or assisted Plaintiff after the accident; who inspected the subject accident location; who took a statement from the Plaintiff and any other witness or person regarding plaintiff's accident. For each person, provide (i) the person's full name and title, (ii) his or her present or last known address and telephone number, (iii) his or her present or last known place of employment (including business, name, address, and telephone number), and (iv) a description of the knowledge or information.

**Response:**

Defendant objects to producing residential telephone numbers and addresses as such information is personal and confidential. Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management

personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation.

Subject to Defendant's General and Specific Objections, Defendant responds as follows: All treating and attending physicians and healthcare professionals of the Plaintiff, including, but not limited to, those individuals who may be identified by the Plaintiff, may be called at trial. Said contact information is or should be in the possession of Plaintiff. All employees, agents, servants or independent contractors of all hospitals, healthcare centers, pharmacies, laboratories, visiting nurse associations, home health care services, ambulance services, and any other entity from which the Plaintiff received care or treatment, including, but not limited to, those which may be identified by the Plaintiff may be called at trial. Said contact information is or should be in the possession of Plaintiff. Family members, friends, former friends, and/or acquaintances of the Plaintiff that may have knowledge of the factual basis for claims and defenses may be called at trial. The contact information for these witnesses is not known at this time. Any witnesses identified in Plaintiff's Initial Disclosures and all supplements thereto or in any of Plaintiff's discovery responses may be called at trial. The contact information for these witnesses is not known at this time but may be available in said responses. Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information that may be identified during the course of Its continuing investigation or discovery efforts in this action up to and including the time of trial.

**Interrogatory No. 12:** Identify all employees working on the day of the accident, to include all managers, assistant managers, supervisors and associates. For each person, provide (i) the

person's full name and title, (ii) his or her present or last known address and telephone number, (iii) his or her present or last known place of employment (including business, name, address, and telephone number), and (iv) the department and/or location they were working or scheduled to work at the time of the accident in question.

**Response:**

Defendant objects to producing addresses as such information is personal and confidential. Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation. Defendant objects to this Request to the extent that it calls for identification of information to which Plaintiff has equal access or that is already within Plaintiff's possession, custody, or control.

Subject to Defendant's General and Specific Objections, Defendant will not provide the information sought in this Request on the grounds that it is premature in that Defendant have not completed their investigation of the facts relating to this action, have not completed their discovery in this action, and have not completed their preparation for trial. Discovery in this action is continuing, and Defendant reserve the right to supplement their Response to include information or documents which may be identified during the course of their continuing investigation or discovery efforts in this action.

**Interrogatory No. 13:** Identify all persons defendant expects to call to give expert testimony at

-15-

the trial of this action. For each person, state the qualifications, including educational background and degrees, publications, membership in professional organizations and societies, certifications and Licenses, and employment history. For each person that defendants expects to call to give expert testimony at this trial, state the subject matter "in reasonable detail" of the testimony, the opinions and conclusions to which the expert is expected to testify, a summary of the facts upon which the expert will rely in formulating his opinions and conclusions, and the source or sources of die expert's knowledge concerning such facts, including, where applicable, the date statistics, studies, surveys, reports, test results, analyses, and all other source material relied upon by the expert.

**<u>Response:</u>**

Defendant objects to this Request as overly broad, unduly burdensome and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel at Defendant through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation.

Subject to Defendant's General and Specific Objections, Defendant will not provide the information sought in this Request on the grounds that it is premature in that Defendant have not completed their investigation of the facts relating to this action, have not completed their discovery in this action, and have not completed their preparation for trial. Defendant further states that, at this time, It has not yet determined who It may call to testify at trial, including any experts or who will state an opinion at trial. Discovery in this action is continuing, and Defendant reserve the right to supplement their Response to include information or documents which may be identified during the course of their continuing investigation or discovery efforts in this

action.

**INTERROGATORY No. 14:** Identify all persons that you intend to call to testify at the trial of this matter; or intend to provide an affidavit from in support of or in opposition to any motion for summary judgment. For each person identified, set forth in detail the sum and substance of that person's knowledge and produce all documents that refer or relate to the foregoing.

**Response:**

Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation.

Subject to Defendant's General and Specific Objections, Defendant responds as follows: All treating and attending physicians and healthcare professionals of the Plaintiff, including, but not limited to, those individuals who may be identified by the Plaintiff, may be called at trial. Said contact information is or should be in the possession of Plaintiff. All employees, agents, servants or independent contractors of all hospitals, healthcare centers, pharmacies, laboratories, visiting nurse associations, home health care services, ambulance services, and any other entity from which the Plaintiff received care or treatment, including, but not limited to, those which may be identified by the Plaintiff may be called at trial. Said contact information is or should be in the possession of Plaintiff. Family members, friends, former friends, and/or acquaintances of the Plaintiff that may have knowledge of the factual basis for claims and defenses may be called at trial. The contact information for these witnesses is not known at this time. Any witnesses

identified in Plaintiff's Initial Disclosures and all supplements thereto or in any of Plaintiff's discovery responses may be called at trial. Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information that may be identified during the course of Its continuing investigation or discovery efforts in this action up to and including the time of trial.

**Interrogatory No. 15:** Describe all the training Defendant provided to all employees, including maintenance and cleanliness of Home Depot Port Chester and accident/incident reporting.

**Response:**

Defendant objects to this Request on the ground that the terms "maintenance" and "cleanliness" are vague, ambiguous, and subject to several interpretations. Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and/or seeks information that is irrelevant, inadmissible, or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation. Defendant objects to this Request to the extent that it seeks information beyond the time period that could conceivably lead to discovery of admissible evidence. Defendant objects on the ground that it is

premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial.

Subject to and without waiving the foregoing objections, Defendant responds as follows: All of Home Depot's associates are charged with maintaining a safe work and shopping environment for associates, customers, and vendors. Every associate is charged with personal responsibility and ownership of safety and is required to immediately address safety issues and unsafe conditions. Associates are also on the lookout for potential safety hazards throughout the course of their day. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Interrogatory No. 16:** Identify and describe in detail any material you possess or are aware of which you will use to support your defenses in this action.

**Response:**

Defendant objects to this Request on the grounds that the terms "any" and "material" are vague, ambiguous, and subject to several interpretations. Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and/or seeks information that is irrelevant, inadmissible, or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it

seeks information that is outside the scope of the above-referenced litigation. Defendant objects to this Request to the extent that it seeks information beyond the time period that could conceivably lead to discovery of admissible evidence. Defendant objects on the ground that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial.

Subject to Defendant's General and Specific Objections, Defendant will not provide the information sought in this Request on the grounds that it is premature in that Defendant have not completed their investigation of the facts relating to this action, have not completed their discovery in this action, and have not completed their preparation for trial. Defendant further states that, at this time, It has not yet determined who It may call to testify at trial, including any experts or who will state an opinion at trial. Discovery in this action is continuing, and Defendant reserve the right to supplement their Response to include information or documents which may be identified during the course of their continuing investigation or discovery efforts in this action.

**Interrogatory No. 17:** Identify all persons who were aware of the condition in question. For each person, provide (i) the person's full name and title, (ii) his or her present or last known address and telephone number, (iii) his or her present or last known place of employment (including business, name, address, and telephone number), and (iv) when they first became aware of the condition in question.

**Response:**

Defendant objects to this Request on the grounds that the terms "condition in question" are vague, ambiguous, and subject to several interpretations. Defendant objects to producing addresses as such information is personal and confidential. Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the

attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation. Defendant objects to this Request to the extent that it calls for identification of information to which Plaintiff has equal access or that is already within Plaintiff's possession, custody, or control.

Subject to Defendant's General and Specific Objections, Defendant responds as follows: Home Depot claims that Plaintiff, Ronald Austin, is a witness to the incident, any acts, omissions, or conditions that may have caused the incident, any admission or statement made by Plaintiff, and has first-hand knowledge of the condition of the premises involved in the incident. Said contact information is in the possession of Plaintiff. Home Depot claims that all treating and attending physicians and healthcare professionals of the Plaintiff, including, but not limited to, those individuals who may be identified by the Plaintiff may be witnesses to admissions or statements made by Plaintiff regarding the accident. Said contact information is or should be in the possession of Plaintiff. Home Depot claims that all employees, agents, servants or independent contractors of all hospitals, healthcare centers, pharmacies, laboratories, visiting nurse associations, home health care services, ambulance services, and any other entity from which the Plaintiff received care or treatment, including, but not limited to, those which may be identified by the Plaintiff may be witnesses to admissions or statements made by Plaintiff regarding the accident. Said contact information is or should be in the possession of Plaintiff. Home Depot claims that family members, friends, former friends, and/or acquaintances of the

Plaintiff may be witnesses to admissions or statements made by Plaintiff regarding the accident. The contact information for these witnesses is not known at this time. Home Depot claims that any witnesses identified in Plaintiff's Initial Disclosures and all supplements thereto or in any of Plaintiff's discovery responses are witnesses to the incident, acts, omissions or conditions that may have caused the incident, admissions or statements made by Plaintiff regarding the incident, and have first-hand knowledge of the condition of the premises involved in the incident. The contact information for these witnesses is not known at this time but may be available in said responses. Discovery in this action is continuing, and Defendant reserves Its right to supplement Its Response to include information that may be identified during the course of Its continuing investigation or discovery efforts in this action up to and including the time of trial.

**Interrogatory No. 18:** Describe Home Depot Port Chester's procedure for aisle inspection and maintenance pertaining to the safety of customers, and the last time the aisle where the accident occurred at Home Depot Port Chester had been inspected and/or maintained prior to the accident date of May 27, 2022.

**Response:**

Defendant objects to this Request on the ground that the terms "inspection" and "maintenance" are vague, ambiguous, and subject to several interpretations. Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and/or seeks information that is irrelevant, inadmissible, or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and

reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation. Defendant objects to this Request to the extent that it seeks information beyond the time period that could conceivably lead to discovery of admissible evidence. Defendant objects on the ground that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial.

Subject to and without waiving the foregoing objections, Defendant responds as follows: All of Home Depot's associates are charged with maintaining a safe work and shopping environment for associates, customers, and vendors. Every associate is charged with personal responsibility and ownership of safety and is required to immediately address safety issues and unsafe conditions. Associates are also on the lookout for potential safety hazards throughout the course of their day. Discovery in this action is continuing, and Defendant reserves the right to supplement Its Response to include information or documents which may be identified during the course of Its continuing investigation or discovery efforts in this action.

**Interrogatory No. 19:** Identify the aisle number where the accident in question occurred.

**Response:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and/or seeks information that is irrelevant, inadmissible, or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on discovery. In addition, Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to

management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation. Defendant objects to this Request to the extent that it seeks information beyond the time period that could conceivably lead to discovery of admissible evidence. Defendant objects on the ground that it is premature in that Defendant has not completed investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Defendant objects to this Request to the extent that it calls for identification of information to which Plaintiff has equal access or that is already within Plaintiff's possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Aisle 16. Discovery in this action is continuing, and Defendant reserve the right to supplement their Response to include information or documents which may be identified during the course of their continuing investigation or discovery efforts in this action.

**Interrogatory No. 20:** Identify all of the associates who were working in the lumbar department and building materials department on May 27, 2022, prior to plaintiff's accident occurring. To the extent any of these individuals are no longer employed by Home Depot, provide their last known address.

**Response:**

Defendant objects to this Request on the grounds that the terms "all of the associates who were working in the lumbar department and building materials department" are vague, ambiguous, and subject to several interpretations. Defendant objects to producing addresses as such information is personal and confidential. Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant objects to this Request to the extent that it calls for the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or limitation on

discovery. In addition, Defendant objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Defendant, or not available to management personnel through customary and reasonable internal business procedures. Defendant objects to this Request to the extent that it seeks information that is outside the scope of the above-referenced litigation. Defendant objects to this Request to the extent that it calls for identification of information to which Plaintiff has equal access or that is already within Plaintiff's possession, custody, or control.

Subject to Defendant's General and Specific Objections, Defendant will not provide the information sought in this Request on the grounds that it is premature in that Defendant have not completed their investigation of the facts relating to this action, have not completed their discovery in this action, and have not completed their preparation for trial. Discovery in this action is continuing, and Defendant reserve the right to supplement their Response to include information or documents which may be identified during the course of their continuing investigation or discovery efforts in this action.

Dated:     New York, New York
           June 7, 2023

                              Yours, etc.

                              *Rebecca L. Martin*
                              BY:  Rebecca L. Martin
                              AARONSON RAPPAPORT FEINSTEIN &
                              DEUTSCH, LLP
                              Attorneys for HOME DEPOT U.S.A., INC. and
                              THE HOME DEPOT, INC.
                              Office & P.O. Address
                              600 Third Avenue
                              New York, NY 10016
                              (212) 593-6538

## CERTIFICATE OF
## SERVICE

The undersigned hereby certifies that a copy of the foregoing DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT has been served on the following parties via email and regular mail on the **7th day of June, 2023**.

| | |
|---|---|
| Sacks & Sacks, LLP<br>150 Broadway, 4th Floor<br>New York, New York, 10038<br>Attention: Daniel Weir, Esq.<br>dan@sacks-sacks.com<br>danielle@sacks-sacks.com | |
| | |

_Rebecca L. Martin, Esq._

Aaronson Rappaport Feinstein & Deutsch, LLP

600 Third Avenue

New York, New York 10016

Telephone:  (212) 593-6538

Fax:  (212) 593-6970

E-Mail: rlmartin@arfdlaw.com

SUPREME COUIRT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK                                    Index No: 159120/2022

RONALD, AUSTIN and LORI AUSTIN,

                              Plaintiffs,

           - against -

HOME DEPOT U.S.A., INC. and THE
HOME DEPOT, INC.

**DEFENDANTS RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT**

**AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP**
Attorneys for Defendant
HOME DEPOT U.S.A., INC. AND THE HOME DEPOT, INC.
Office and Post Address
600 Third Avenue
New York, NY  10016
212-593-6700

To:   **ALL PARTIES**